IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID KIM STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:25-cv-00151 |
| | ) | |
| J. ROBERT STUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT J. ROBERT STUMP'S
RULE 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant J. Robert Stump ("Defendant Stump"), pursuant to Federal Rule of Civil

Procedure 12(b)(6), submits this reply memorandum in support of his motion to dismiss the First

Amended Complaint:

**ARGUMENT**

I.     THE MOTION TO DISMISS DOES NOT MISCHARACTERIZE THE
       FIRST AMENDED COMPLAINT

The Motion to Dismiss and supporting Memorandum do not mischaracterize the First

Amended Complaint. Rather, the Motion to Dismiss makes arguments that are based on what the

First Amended Complaint actually asserts (and not on what is not asserted). The Motion to Dismiss

and supporting Memorandum fairly and accurately characterize the First Amended Complaint, and

Plaintiff's response fails to point to any specific mischaracterization in the Motion to Dismiss or

supporting Memorandum.

II.    ALL CLAIMS BASED ON THE ALLEGED THREATS AND ALLEGED
       IMPROPER CAPIAS ARE BARRED BY THE DOCTRINE OF RES
       JUDICATA

Plaintiff has not responded to Defendant Stump's motion to dismiss all claims based on

the alleged improper capias and threats for money as barred by res judicata. [Doc. 47, pp. 3-6].

Consequently, that part of the motion should be granted as unopposed. *Garrett v. Morgan Cty. Sheriff's Office*, No. 1:23-cv-2011, 2026 WL 352788, at \*9 (N.D. Ohio Feb. 9, 2026) ("It is well established that, if a party fails to address an argument raised in a motion . . . a district court may deem that party to have waived opposition to that argument."); *Paul v. Whitley Cty. Detention Ctr.*, 712 F. Supp. 3d 907, 928–29 (E.D. Ky. 2024) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 2024 WL 4362260 (6th Cir. Sept. 30, 2024); *Amare v. Lazer Spot, Inc.*, No. 5:22-cv-5, 2024 WL 2092983, at \*8 & n.4 (W.D. Va. May 9, 2024) (stating that failing to respond to arguments in the moving party's brief "constitutes a concession of [the] issue"); *Allen v. City of Dunn*, No. 5:22-cv-114, 2023 WL 8934647, at \*9 (E.D.N.C. Dec. 27, 2023) (same).

III.   ALL CLAIMS AGAINST DEFENDANT STUMP ARE BARRED BY THE STATUTE OF LIMITATIONS.

In his response, Plaintiff does not dispute that the alleged causes of action are governed by the one-year limitation in Tennessee Code Annotated § 28-3-104(a)(3). [Doc. 47, p. 7]. Plaintiff likewise agrees that the alleged causes of action accrued when he knew or had reason to know of the injury that is the basis of this action. [Doc. No. 48, p. 13].

As shown in the motion to dismiss, Plaintiff learned of the alleged coercive telephone call, at the latest, in July 2024, which is more than one-year before this commencement of this action. [Doc. 47, p. 8]. In his response, Plaintiff admits that he learned of the alleged call in "July 2024." [Doc. 48, p. 13].

The motion to dismiss also shows that, more than 20 years before the commencement of this action, Plaintiff had actual knowledge of the alleged threats, the alleged wrongful capias, and

BRISTOL:1478868-1

the alleged interference with the motion to quash the capias. [Doc. 47, pp. 8-9]. Plaintiff has not responded to these showings, which are, therefore, unopposed.

The motion to dismiss also shows that Plaintiff became aware of the alleged false restitution entry on the public docket in January 2024. [Doc. 47, pp. 9-10; Doc. No. 40, p. 74 of 367]. Plaintiff's response admits that he learned of the entry in "January 2024." [Doc. 48, p. 15].

As a result, it is undisputed that the alleged causes of action against Defendant Stump accrued more than a year before the commencement of this action.[1]

Plaintiff's response asserts that this action is saved by the "continuing-harms" doctrine because Plaintiff continues to suffer harm from the alleged false restitution entry. [Doc. 48, pp. 14-15]. There is, however, no continuing-harms doctrine. Instead, there is a "continuing violations doctrine." *E.g.*, *Doe v. Blanche*, No. 25-1442, 2026 WL 1211480, at *4 (6th Cir. May 4, 2026); *Miller v. City of Soddy-Daisy, Tenn.*, No. 1:25-cv-196, 2026 WL 594605, at *4-5 (E.D. Tenn. Mar. 3, 2026). As shown in the motion to dismiss, there are no continuing violations by Defendant Stump for at least seven reasons. [Doc. 47, pp. 10-13]. Plaintiff does not address any of the reasons in his response. The fifth reason is that the continuing violations doctrine requires continued unlawful acts. Continuing harms from the original violation is not sufficient. [Doc. 47, p. 12]. Because Plaintiff has failed to address Defendant Stump's continuing violations argument, that issue should be treated as unopposed. *Garrett*, 2026 WL 352788, at *9; *Paul*, 712 F. Supp. 3d at 928–29; *Amare*, 2024 WL 2092983, at *8 & n.4; *Allen*, 2023 WL 8934647, at *9.

---

1. While Plaintiff's response improperly attempts to rely upon additional exhibits outside of the First Amended Complaint, even those Exhibits clearly demonstrate that Plaintiff knew about issues he is now raising. In fact, the exhibits to Plaintiff's response purport to show matters dated in 2006 and 2020, respectively. [Doc. No. 48, Exhibits A and B].

BRISTOL 1478868-1

Finally, Plaintiff's response makes the conclusory assertion that this action is saved by "tolling." [Doc. 48, p. 15]. As shown in the motion to dismiss, equitable tolling is applied "sparingly" in this Circuit and only when a litigant's failure to meet a legally-mandated deadline "unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000); *Glatz v. Rausch*, No. 3:21-cv-26, 2026 WL 1032016, at *4 (E.D. Tenn. Apr. 16, 2026); *Mashek v. Halsey*, No. 3:23-cv-429, 2025 WL 1081853, at *3 (E.D. Tenn. Apr. 10, 2025). A plaintiff's pro se status and lack of education are not exceptional circumstances that justify equitable tolling. *Graham-Humphreys*, 209 F.3d at 561; *Glatz*, 2026 WL 1032016, at *4; *Mashek*, 2025 WL 1081853, at *3. Plaintiff does not address any of these points.

Simply stated, Plaintiff is not entitled to equitable tolling. Plaintiff had actual or constructive knowledge of all of his claims for more than a year—and in some instances decades—before the commencement of this action. Plaintiff is not a victim of circumstances beyond has control, and he has previously filed actions in federal court based on claims asserted in this case. *Stanley v. Gray*, No. 2:06-cv-31, 2007 WL 445366 (W.D. Va. Feb. 11, 2007), *aff'd*, 235 F. App'x 163 (4th Cir. 2007); *Stanley v. Smith*, No. 2:04-cv-34, 2004 WL 2935858 (W.D. Va. Dec. 20, 2004).

Accordingly, all of the claims against Defendant Stump are barred by the statute of limitations and should be dismissed with prejudice.[2]

---

2. In his response, Plaintiff asserts that he is also making a claim against Defendant Stump for the removal of court records. [Doc. 48, pp. 2, 6, 9-10]. This is incorrect. The First Amended Complaint does *not* allege removal of any court records by Defendant Stump.

4

## IV. DEFENDANT STUMP HAS JUDICIAL IMMUNITY TO THIS ACTION

In his response, Plaintiff asserts that Defendant Stump has no judicial immunity for any loss of hearing recordings and court files. [Doc. 48, pp. 9-10]. Even if this were true, it is irrelevant, as the First Amended Complaint alleges no such conduct by Defendant Stump.

Plaintiff also asserts that Defendant Stump has no judicial immunity for the alleged telephone call to Judge Cupp on October 5, 2001. [*Id.*, pp. 8-9; Doc. 40 at 96 of 367]. Judicial immunity is overcome in only two circumstance, First, a judge is not immune from liability for actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither exception applies here. Defendant Stump made the call in his capacity as "the presiding judge" in Virginia, at a time when Plaintiff was under the jurisdiction of Defendant Stump. [Doc. 24-2 at 105-06 of 121; Doc. No. 40 at 96 of 367]; *see also Mireles*, 502 U.S. at 11 (stating that a judicial act is an act by a judge in his official capacity).

Plaintiff does not respond to the motion to dismiss the other claims against Defendant Stump on grounds of judicial immunity. Consequently, that part of the motion should be granted as unopposed. *Garrett*, 2026 WL 352788, at *9; *Paul*, 712 F. Supp. 3d at 928–29; *Amare*, 2024 WL 2092983, at *8 & n.4; *Allen*, 2023 WL 8934647, at *9.

## IV. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR CONSPIRACY AGAINST DEFENDANT STUMP.

Plaintiff has not responded to Defendant Stump's motion to dismiss the claim for conspiracy. [Doc. 47, pp. 16-18]. Consequently, that part of the motion should be granted as unopposed. *Garrett*, 2026 WL 352788, at *9; *Paul*, 712 F. Supp. 3d at 928–29; *Amare*, 2024 WL 2092983, at *8 & n.4; *Allen*, 2023 WL 8934647, at *9.

5

Because there is no claim for conspiracy, Defendant Stump is not liable for the allegations in the First Amended Complaint against the Virginia Office of the Executive Secretary, [Doc. 39, pp. 28-29, 32, 35-37], that Plaintiff relies upon in his statute of limitations argument.

V.    THE CLAIMS AGAINST DEFENDANT STUMP ARE MOOT.

Plaintiff has not responded to Defendant Stump's motion to dismiss all claims against him as moot. [Doc. 47, pp. 18-19]. Consequently, that part of the motion should be granted as unopposed. *Garrett*, 2026 WL 352788, at \*9; *Paul*, 712 F. Supp. 3d at 928–29; *Amare*, 2024 WL 2092983, at \*8 & n.4; *Allen*, 2023 WL 8934647, at \*9.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss the First Amended Complaint as to Defendant Stump with prejudice.

Respectfully submitted,

J. ROBERT STUMP

By Counsel

/s/ Andrew M. Hanson
Andrew M. Hanson
 BOPR No. 020469
PENN, STUART & ESKRIDGE, P.C.
804 Anderson Street
Bristol, TN  37620
Direct Dail:  (423) 793-4810
Direct Fax: (423) 793-4850
Email: ahanson@pennstuart.com
*Counsel for J. Robert Stump*

6

BRISTOL:1478868-1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Support of Defendant J. Robert Stump's Motion to Dismiss First Amended Complaint was filed electronically via the CM/ECF system on this 19th day of May, 2026. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Pro se plaintiff David Kim Stanley is also being served by regular U.S. Mail and email, mailed this date, at the address shown below. Parties may access this filing through the Court's electronic filing system.

David Kim Stanley
513 Wood View Ct.
Kingsport, TN 37664
Email: dave@davestanley.com

/s/ Andrew M. Hanson
Andrew M. Hanson